THE PEOPLE *ex rel.* Thomas M. Hoyne *et al.·*

*v.*

PETER B. OLSEN, County Clerk, *et al.*

*Opinion filed October 26, 1903.*

CONSTITUTIONAL LAW—*entire act of 1901, increasing the number of judges in Cook county, is void.* The entire act of 1901, to provide for additional judges of the circuit and superior courts of Cook county, (Laws of 1901, p. 130,) is void, since the provisions thereof held unconstitutional in *People* v. *Knopf,* 198 Ill. 340, are so connected with the remaining provisions that the latter cannot be sustained.

ORIGINAL petition for *mandamus.*

MACLAY HOYNE, ROBERT S. ILES, and HIRAM T. GILBERT, for relators.

EDWIN W. SIMS, County Attorney, and FRANK L. SHEPARD, for respondents.

Per CURIAM: This is an original petition by the People of the State, etc., on the relation of Thomas M. Hoyne, Joseph A. O'Donnell and George Mills Rogers, praying for a peremptory writ of *mandamus* to compel Peter Olsen, county clerk of Cook county, and Olaf F. Severson and M. J. O'Donoghue, justices of the peace of the town of West Chicago, to canvass the vote and transmit to the Secretary of State an abstract showing the election of relators, respectively, to the office of circuit judge of Cook county. By the petition it is alleged that each of the relators is eligible to and was regularly nominated, and on the first Monday of June, 1903, duly elected, as an additional judge of the circuit court of Cook county under the act of the legislature in force July 1, 1901, and that the respondent Olsen, as county clerk; and Severson and O'Donoghue, justices of the peace selected by him to assist in opening the returns of said election and making abstracts of the votes cast thereat, being of the opinion that relators could not be lawfully elected to said office

of judge of the circuit court of said county, have refused, and do refuse, to make abstracts of the votes cast for relators, and the said county clerk has announced his intention to, and does and will, refuse to transmit to the Secretary of State any abstract of said votes cast, as aforesaid, wherefore a writ of *mandamus* is prayed, etc. At our last June term respondents appeared in answer to said petition and filed a general demurrer thereto, upon which a final hearing was had and the writ denied, with the announcement that an opinion would thereafter be filed.

But two questions were raised by counsel upon the argument: First, is the entire act of the legislature of May 10, 1901, entitled "An act to provide for additional judges of the circuit and superior courts of the county of Cook," unconstitutional; and second, is the act of the last General Assembly adopted April 17, 1903, to repeal said act of May 10, 1901, valid? If the first question is decided in the affirmative, the second will become unimportant.

The legislature, on the 10th day of May, 1901, (Laws of 1901, p. 130; Hurd's Stat. 1901, p. 554,) passed the first named act, which provides: "As it appears by a canvass of this State  *  *  *  that the number of inhabitants of the county of Cook is over one million eight hundred thousand (1,800,000), and that thereby said county is entitled to additional judges by section 23 of article 6 of the constitution of this State; therefore the number of judges of the circuit court of Cook county be, and hereby is, increased from fourteen, its present number, to seventeen, and the number of judges of the superior court of Cook county be, and hereby is, increased from twelve, its present number, to fifteen. On the Tuesday after the first Monday in November, A. D. 1902, there shall be elected three judges of the circuit court of said county of Cook, and three judges of the superior court of said county of Cook. The terms of office of the said additional judges of the said circuit court shall expire on the

first Monday of June, A. D. 1903, upon the election and qualification of their successors in office, and upon said first Monday of June, A. D. 1903, and every six years thereafter, there shall be elected at the same time and in the manner as the other judges of the circuit court, three judges of said circuit court, successors in office of the judges by this act authorized to be elected. The terms of office of the said additional judges of the said superior court shall expire on Tuesday after the first Monday in November, A. D. 1904, upon the election and qualification of their successors in office, and upon the said Tuesday after the first Monday in November, A. D. 1904, and every six years thereafter there shall be elected, at the same time and in the same manner as the other judges of the superior court, three judges of said superior court, successors in office of the judges by this act authorized to be elected."

The constitutionality of the act was passed upon in a *mandamus* proceeding brought to this court by appeal in the case of *People ex rel.* v. *Knopf,* 198 Ill. 340, in which we held that in so far as it provided for the election of judges of the circuit and superior courts for terms of less than six years it was unconstitutional and void, but declined to pass upon the validity of the whole act, for the reason that it was not necessary to do so in that case. Thereafter the General Assembly passed an act repealing said statute, with an emergency clause, to take effect from and after its passage, which was approved April 17, 1903. Notwithstanding the decision of this court and said repealing statute, nominations were made and certified to the county clerk in said county for three additional judges of the circuit court, which were called "provisional judges under the act of 1901," and the candidates so nominated were voted for, as alleged in the petition, at the June election, 1903, the relators receiving a majority of the votes cast. They base their right to the writ here sought, on the claim that the provisions of the

act of May 10, 1901, except as declared unconstitutional in the foregoing case of *People* v. *Knopf, supra*, are constitutional and valid, and that the act of 1903 repealing the same is unconstitutional and invalid.   The position of respondents is, that the former act is unconstitutional and void as a whole; that the part which authorizes an election of three judges of the circuit court in June, 1903, as the successors in office to the judges by that act authorized to be elected, and that part declared unconstitutional, are so interdependent that the remainder is not capable of being executed, in accordance with the legislative intent, without the other; that the provisions of the act are so related, in substance and object, that it is impossible to suppose the legislature would have passed the one without the other, and therefore the whole act must fall.

The rule is: "If a statute attempts to accomplish two or more objects and is void as to one, it may still be in every respect complete and valid as to the other; but if its purpose is to accomplish a single object only, and some of its provisions are void, the whole must fall unless sufficient remains to effect the object without the aid of the invalid portion; and if they are so mutually connected with and dependent on each other, as conditions, consideration or compensation for each other, as to warrant the belief that the legislature intended them as a whole, and that if all could not be carried into effect the legislature would not pass the residue independently, then if some parts are unconstitutional, all the provisions which are thus dependent, conditional or connected must fall with them." (Cooley's Const. Lim. pp. 178, 179.)

We have often recognized and adopted this rule.  Applying it to the statute under consideration, there seems little ground for the contention of relators that enough of the statute of 1901 can be held valid, notwithstanding our decision in *People* v. *Knopf, supra*, to authorize their legal election in June, 1903.  To say that the legislature

intended to increase the number of circuit and superior judges of Cook county without any reference to the express enactment as to when such judges should be elected and their terms of office should expire, would be to attribute to it an intention directly in conflict with its express provisions. It did not attempt to say that the number of judges of the circuit court of Cook county should be increased from fourteen, its present number, to seventeen, at some future time, but undertook to say that the necessity for such additional judges then existed, and that they should be elected on the first Monday of November, 1902, and that their terms of office should expire on the first Monday of June, 1903, upon the election and qualification of their successors in office, and every six years thereafter, etc. In other words, the enactment increasing the number of judges, and the provision for their election and terms of office, are so mutually connected with and dependent on each other, as conditions or compensation for each other, as to compel the belief that the legislature intended them as a whole. There was neither a necessity nor a reason for the legislature of 1901 to increase the number of judges to take effect on the first Monday in June, 1903, there being by law an intervening session in 1903, at which, if the necessity then existed, the increase could be made; and it is significant that at the session of 1903, instead of amending the act of 1901 or re-enacting a valid statute making such increase, that General Assembly repealed the former statute entirely, with an emergency clause. In short, we are at a loss to perceive upon what logical or legal ground it can be held that the naked enactment that the number of judges shall be increased can be sustained, and at the same time all the provisions which authorize the election and terms of office of the additional judges be sustained, and we entertain no doubt that to do so would be to defeat the clearly expressed intention of the legislature. The entire act must therefore be held invalid.

If in this view of the case it were at all important or necessary to consider the second contention of counsel for respondents, we should be inclined to sustain it also; but as already indicated, it is not necessary to decide that question or extend this opinion by a discussion of it.

Our former order denying the writ of *mandamus* was proper

*Writ denied.*